*536] *The opinion of the Court was delivered by
RichaRDSon, J.
The defendant held under the younger grant, and of course had no title to the land, though he had the form of a title; on the other hand, the plaintiff exhibited a perfect title under the elder grant.
The only question then is, whether the continued systematic trespasses by the defendant, in cutting down trees and carrying off timber, can constitute a title by possession under the statute of limitations ? Possession of land, “ quasi pedis positio,” is distinguished from trespass. The former requires some use of the land, as by building upon it, tilling it, improving it, or excluding others from it, as by inclosing, which is only a mode of using it. Occupancy is defined, quod terra manens vacua occupanti conceditur. The actual possession and manurance of the land was the first cause of occupancy. Sid. 341. Now unless we adhere strictly to this common law definition of possession and occupancy, we shall confound it with trespass; and riding over a tract of land, or hunting upon it, or cutting twigs, habitually, might constitute possession. The possession to constitute a title should be such as would authorize the party to sustain a possessory action against a wrong-doer, for violating his possession; but if the defendant could do this, then every other trespasser upon land, could sue him as a trespasser reciprocally, which is absurd. Every trespass, I mean apart from the short occupancy which appeared, was distinct, and had no necessary connection with the next trespass. For instance, on one day, the defendant may have felled ten trees, the next, twenty, the third, twenty-five, and so on, successively; they cannot be called even trespasses by continuation, as by feeding cattle on another’s land. Eor in the case before us every trespass terminated in itself, and can no more be committed than beating A. to-day, is beating him to-morrow; each begins, continues, and is completed in itself. I will not dwell upon the irrational extreme, *50,71 to which the proposed innovation might be pushed, nor upon *the -* uncertainty that would follow in adjudications, predicated upon a principle which would allow a jury to require that a tree per day would be sufficient; or to decide, that one hundred are too little to constitute occupancy or possession.
The motion is unanimously dismissed.
Colcock and Johnson, JJ., concurred.